# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **HANCOCK BANK,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 12-0642-KD-C** |
| **RICHARD D. MILES and**<br>**VANESSA T. MILES,** | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on the Plaintiff Hancock Bank's Notice of Dismissal (doc. 18). Upon consideration and for the reasons set forth herein, the **stay** of this action is **LIFTED** and **unless the defendants Richard D. Miles and Vanessa T. Miles** file an **objection** on or before **September 19, 2013**, this action is **DISMISSED without prejudice** without further action by this Court.

Plaintiff Hancock Bank has filed a notice of dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Rule provides for voluntary dismissal by the plaintiff without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Generally, no court order is necessary to effectuate this type of voluntary dismissal. However, this action was stayed as to defendants Richard D. Miles and Vanessa T. Miles pursuant to the automatic stay provision of 11 U.S.C. § 362(a) (doc. 16) and the stay has not been lifted.

Even with the automatic stay, "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" *Robert v. Bell Helicopter Textron, Inc.,* 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) (quoting *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir. 1990).

Therefore, the Court will construe the notice as a motion to lift the stay and for voluntary dismissal and determine whether the stay is applicable and whether dismissal without prejudice is not inconsistent with the terms of the stay.

In that regard, the automatic stay operates to stay the continuation of judicial proceeding against the debtors Richard and Vanessa Miles. 11 U.S.C. § 362(a)(1)  The stay serves two primary purposes: To relieve the debtors from the financial expense of litigation during the bankruptcy proceedings and to protect their creditors by preserving the debtors' estate. *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir. 1992).   "[C]ourts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to Rule 41(a) of the Federal Rules of Civil Procedure", so long as the dismissal is not inconsistent with the purpose of the automatic stay.  *Settles v. Commissioner of Internal Revenue*, 138 T.C., No. 19, 2012 WL 1605350, *3 (U.S. Tax Ct. May 8, 2012) (citing *Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir.2002); *Slay v. Living Centers East, Inc.*, 249 B.R. 807 (S.D.Ala. 2000)[1]; *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226 (S.D.N.Y. 1994)).[2]

Because dismissal of this action would relieve the defendants of the expense of this

---

[1]  In *Slay*, the district court decided that a voluntary dismissal pursuant to Rule 41(a)(1)(i) would "assist rather than interfere with the goals of Chapter 11" and dismissed the action with prejudice. *Slay*, at 807. The court in *Slay* cited the decision in *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994), finding that "a Rule 41dismissal does not violate the automatic stay because 'the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.'"  *Id.* (brackets in original).

[2]  *See also Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude disposing of a motion to dismiss a bankruptcy appeal); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay."); *Gallagher v. Sports Publishing, LLC*, 2009 WL 294400 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors.") (citations omitted).

litigation and preserve to all creditors any assets which would be subject to a potential recovery in this action, dismissal of this action is not inconsistent with the purposes of the automatic stay. Additionally, dismissal on plaintiff's voluntary notice of dismissal before defendants have filed either an answer or a motion for summary judgment does not require consideration of any of the issues in this action and thus "would not constitute a continuation of the judicial proceedings." *See Settles*, at *4.

DONE and ORDERED this the 13th day of September 2013.


/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE